UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
SHIPCO TRANSPORT, INC.,

                Plaintiff,

-against-

JDB INTERNATIONAL INC. and LAPTON
FREIGHT INTERNATIONAL LIMITED,

                Defendants.
------------------------------------------------------------------ x
LAPTON FREIGHT INTERNATIONAL
LIMITED,

                Defendant/Third Party Plaintiff,

-against-

TAKMAY INDUSTRIAL COMPANY
LIMITED,

                Third Party Defendant.
------------------------------------------------------------------ x

09 cv 7532 (CM)

ECF CASE

Hon. Colleen McMahon

# DEFENDANT JDB INTERNATIONAL INC.'S MEMORANDUM IN OPPOSITION TO LAPTON FREIGHT INTERNATIONAL LIMITED'S MOTION TO DISMISS

COWAN, LIEBOWITZ & LATMAN, P.C.
Carl R. Soller (crs@cll.com)
Meichelle R. MacGregor (mrm@cll.com)
Don M. Obert (dmo@cll.com)
1133 Avenue of the Americas
New York, NY 10036
Phone: 212-790-9200
Fax: 212-575-0671
*Attorneys for Defendant/CrossClaim Plaintiff
JDB International Inc.*

28935/000/1190326.2

## INTRODUCTION

Defendant and Cross-Claim Plaintiff JDB International Inc. ("JDB") submits this memorandum in opposition to the motion filed by Defendant/Third Party Plaintiff Lapton Freight International Limited ("Lapton") seeking an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the action for failure to state a claim upon which relief can be granted. For the reasons set forth below, Lapton's motion should be denied in all respects.

## BACKGROUND

Plaintiff Shipco Transport Inc. ("Shipco") filed an Amended Complaint dated June 15, 2010 which purports to assert claims for breach of contract, breach of implied contract, account stated and unjust enrichment against JDB and Lapton. Lapton has asserted a third party claim for contribution against Takmay Industrial Co. Ltd. ("Takmay"), and JDB has asserted cross-claims for contribution and indemnity against Lapton and Takmay.

In the instant motion, Lapton seeks the dismissal of all claims against it on the ground that there is no privity of contract between Shipco and Lapton because Lapton was acting as an agent for another party -- Lapton Freight International Shenzen ("Lapton Shenzen") -- in facilitating the transaction at issue. Lapton does not seek the dismissal of JDB's cross-claims against it for contribution and indemnity.

Lapton's claim that there is no privity of contract between it and Shipco is a factual issue that is not appropriate for resolution on a motion to dismiss. Indeed, Lapton's attempts to go beyond the pleadings and introduce additional exhibits prior to discovery is inappropriate and should be disregarded at this pre-discovery stage. Moreover, even if Lapton was acting as an agent for another entity, it could still bear liability as an agent. Thus, the motion to dismiss must be denied.

## ARGUMENT

On a motion to dismiss, the court must assume the truth of the well-pled factual allegations of the complaint and must draw all reasonable inferences against the movant. *Scutti Entm't v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir. 2003). "[A] court should not dismiss a complaint for failure to state a claim if the factual allegations sufficiently 'raise a right to relief above the speculative level.'" *Healthcare Fin. Group, Inc. v. Bank Leumi USA*, 669 F. Supp. 2d 344, 347 (S.D.N.Y. 2009) (*quoting Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555) (2007). Moreover, the court may not consider evidence proffered by the moving party. *See, e.g., Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007); *Pinareyes v. Metro. Cable Communs., Inc.*, 2010 U.S. Dist. LEXIS 43198, at *12 (S.D.N.Y. 2010). Rather, it is limited to reviewing the four corners of the complaint. *Roth*, 489 F.3d at 509.

Here, the Amended Complaint clearly alleges that Lapton Freight Hong Kong was a party to the contract and was involved in the transactions at issue. Amended Complaint, ¶ 19-24; 26-29; 31-34. The "agency agreement" and other documents submitted by Lapton in support of its motion may not be considered. Indeed, the issue of whether or not Lapton was acting for its own purposes or as a disclosed or undisclosed agent is a question of fact that cannot be determined on a motion to dismiss. *Pinareyes*, 2010 U.S. Dist. LEXIS 43198, at *16 (motion to dismiss denied because issue of whether defendant was acting as an employer, among other things, was factual); *Christensen v. Fashion-Fain Homes, Inc.*, 2005 NY Slip Op 52045U, *4, 2005 N.Y. Misc. LEXIS 2806 (Sup. Ct. Yates Cty. 2005) (whether there was privity of contract to support claim against defendant was factual and not appropriate on motion to dismiss).

In any event, such an agreement would not be dispositive, since an agency relationship could support liability for the claims alleged in this action. *See Huntington Pennysaver, Inc. v.*

*Tire Supply Corp. of Long Island*, 59 Misc. 2d 268, 269, 298 N.Y.S.2d 824 (Dist. Ct. Suffolk County 1969) (holding principal liable for the authorized contracts made by his agents with a third party). The same would be true if the principal was undisclosed. *See Industrial Mfrs., Inc. v. Bangor Mills, Inc.*, 283 A.D. 113, 121, 126 N.Y.S.2d 508 (1st Dept. 1953), *aff'd* 307 N.Y. 746 (1954) ("plaintiff has the right to hold the principal liable when finally disclosed"). Restatement of the Law, Third, Agency § 6.03 (2006). As such, Lapton's motion, which rests on factual issues, is not appropriate for disposition at this stage and must therefore be denied in all respects.

Moreover, even if Lapton was not in direct privity to the plaintiff on the contract at issue, it could still be held liable on a claim for unjust enrichment, since such claim lies in quasi-contract, and, thus, by definition, does not turn upon the existence of a promise or agreement. Although there must be some relationship between the parties, privity of contract is not required. *See Bradkin v. Leverton*, 26 N.Y.2d 192, 197, 309 N.Y.S.2d 192 (1970) (although there was no agreement between the parties, express or implied, the defendant received a benefit from the plaintiff's services under circumstances which could support claim for unjust enrichment); *Briton, Inc. v Streuber*, 321 N.Y.S.2d 195, 196 (1st Dep't 1971), *affd* 30 N.Y.2d 551, 281 (claim for unjust enrichment against party who received benefit, notwithstanding that it had not contracted directly with plaintiff). For this reason also, Lapton's motion must fail.

## **CONCLUSION**

Based on the foregoing, Lapton's motion to dismiss must be denied in all respects.

Dated: New York, New York
August 23, 2010

COWAN LIEBOWITZ & LATMAN, P.C.

By: _____
Carl R. Soller (CS 4285)
Meichelle R. MacGregor (MM 1109)
Don M. Obert (DM 8874)
1133 Avenue of the Americas
New York, New York  10036
(212)790-9200

*Attorneys for Defendant JDB International Inc.*

4