Todd C. Fineberg, Esq. (TF0980)
RODRIGUEZ O'DONNELL
GONZALEZ & WILLIAMS & P.C.
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 973-2990   Telephone
(202) 293-3307   Facsimile

Attorneys for Plaintiff, Shipco Transport Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------X
SHIPCO TRANSPORT INC.

              Plaintiff,

  -against-

JDB INTERNATIONAL, INC.

and

LAPTON FREIGHT INTERNATIONAL, Inc.

              Defendants.
-------------------------------------------------X
LAPTON FREIGHT INTERNATIONAL LIMITED,

    Defendant/Third Party Plaintiff,

  -against-

TAKMAY INDUSTRIAL COMPANY LIMITED,

        Third Party Defendant
-------------------------------------------------X

Case No.: O9 CIV 7532(CM)
ECF CASE

**RESPONSE OF PLAINTIFF, SHIPCO TRANSPORT INC. TO NOTICE OF MOTION TO DISMISS AMENDED COMPLAINT**

PLAINTIFF, SHIPCO TRANSPORT INC., by and through counsel, hereby states its opposition to the Motion to Dismiss Plaintiff's Amended Complaint filed in this action by defendant Lapton Freight International Inc.

## INTRODUCTION

1. At the beginning of this case, Plaintiff was aware of a corporation named Lapton Freight International Limited (Lapton), whose name was stated on bills of lading for Shipco Transport Inc. (Shipco) as a consignee for shipments to Yantian, China. (See Lapton Motion, Exhibit 1). Shipco went to the Internet Website of Lapton Freight International Limited and found that Lapton had several offices—a "head office" in Hong Kong, and additional "offices" in Shenzhen, China, Shanghai and Guangzhou, all on the Chinese mainland. See Affidavit of Mikael W. Jensen, attached as Exhibit 1.

2. There was no indication on this website representations that there was any corporation separate and distinct from the head office. We relied on the information on the Federal Maritime Commission register and also Lapton Freight International Limited's own website (copy attached as Exhibit 1)

3. The names and name references for Lapton Freight International Limited in Lapton's Motion to Dismiss are not the correct names given to the Lapton offices in Hong Kong and Shenzhen. These names are very simply and precisely the same name: Lapton Freight International Limited as shown in Exhibit 1 attached.

4. Using the same name for both the Shenzhen office and the Hong Kong office has confused the parties in this case as well as interested parties in the matter. Distribution, Inc., is listed as the agent for service of process for Lapton Freight International Limited but also received service of process for Lapton Freight International Limited without ever objecting or

correcting the service of papers in this action,, without notifying the plaintiff's attorneys of sending the papers back because the agent, Distribution Publications, Inc. lacked authority to receive papers for that office.

5.  On February 15, 2010, attorneys Lennon Murphy Caulfield & Phillips, LLC, by Patrick F. Lennon, Esq. appeared as representing Lapton Freight International, Ltd.

6.  They did not distinguish a Shenzhen office or a Hong Kong office in the Third Party Complaint they filed. on March 19, 2010.  They did describe Lapton as existing under the laws of China and indicating a Shenzhen address.  Third Party Complaint at 2.  Now in the Motion to Dismiss, they are holding themselves out as attorneys for Lapton Freight International, Inc. (and Limited) in Hong Kong.

7.  Also, at that time, Lapton's attorneys filed a Rule 7.1 Statement on behalf of "Lapton Freight International, Ltd." on March 19, 2010, " with no distinction for operations in Hong Kong or Shenzhen.

8.  Latpon's attorneys further prepared and served responses to discovery, including interrogatories, request for production of documents, and request for admissions, all in the name Lapton Freight International Limited without reference to a company limited to Hong Kong.

9.  In the Motion to Dismiss filed in August, Lapton's attorneys say that they are attorneys for Lapton Freight International Limited in Hong Kong.

10.  Throughout defendant Lapton Freight's motion and documents and legal arguments are descriptions of Lapton Freight International Limited as either Lapton Hong Kong or Lapton Shenzhen.  But, no such differentiated and separated names are used in fact by either the Shenzhen office or the Hong Kong office or any other office of Lapton Freight International

Limited. The name used by these companies is exactly the same without reference to its location: Lapton Freight International Limited.

11. In Lapton's Third Party Complaint the company's attorneys indicate that they represent a Shenzhen, China company. At paragraph 3 of the Third Party Complaint, the document states: "That the third party plaintiff Lapton Freight is a Chinese corporation with offices in Shenzhen, China."

12. The Internet website (Exhibit 1) for Lapton Freight International Limited does not show a separate corporation in Hong Kong and another in Shenzhen. Instead, the website states that the company has a head office in Hong Kong and other offices in Shenzhen, Shanghai and Guangzhou. According to the Lapton website these are offices of the same company, believed to be a corporation.

13. The bottom line is that these businesses, both bearing the same name appear to be represented by the same attorneys, they are agents for each other and share profits (see Agency Agreement attached as Exhibit 1, Motion to Dismiss). The Hong Kong office was actively involved in making all arrangements for a contract between the Shenzhen office and defendant JDB International, Inc., Lapton acknowledges.

## ARGUMENT

14. We, attorneys for Plaintiff Shipco Transport Inc., approve of the Memorandum in Opposition the Motion to Dismiss the Amended Complaint in this action, filed by JDB International, Inc.'s attorneys. We hereby accept and incorporate in Plaintiff's Argument the Opposition Memorandum submitted by these attorneys.

15. We agree with JDB's attorneys that the Court's application of Fed..R.Civ. P. 12(b)(6) must be based on the complaint as pleaded and additional evidence is not

admissible to support such motion or to effect a dismissal for failure to state a claim for which relief can be granted. See *Healthcare Fin. Group, Inc. v. Bank Leumi USA*, 669 F. Supp. 2d 344, 347 (SDNY 2009)

16. Alleged wrongful; service on Lapton Freight International Limited's agent for service of process serving the Hong Kong office: The agent receieved the summons and complaint and never objected to service wrongfully directed to another company named Lapton Freight in Shenzhen, China. As we have stated, these companies having the same name just 20 miles apart were also related as offices of the same corporation. By receiving service directed to Latpon Freight in Shenzhen, the agent was creating additional evidence that these companies were not separate and distinct legal entities.

17. Plausible test: the case law cited by defendant Lapton Freight International Limited provides a standard for Rule 12(b)(6) motion cases that does not require an a pleading that would absolutely certainly prevail at trial. *Bell Atlantic Corp. v. Twombly*. 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). Plausible merely requires "appearing worthy of belief," according to Merriam Webster online dictionary and the U.S. Supreme Court in *Bell Atlantic, supra*, The plausible test is a light-weight standard for the plaintiff to meet: "…only enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

18. We agree with Defendant JDB International that the case law does not allow the moving party to present evidence supporting its motion for dismissal and cites for this principle *Roth v. Jennings*, 489 F.3d 499, 509 (2d Cir. 2007 ). Under the circumstances, defendant Lapton's evidence should be excluded from evidence with respect to the pending Motion to Dismiss.

19. Nor should the agency agreement submitted by Lapton in this matter be admissible by the Court in support to the Motion to Dismiss. Further, these company offices of Lapton Freight have an agreement by which they are mutual agents for each other. The licensed NVOCC can be held liable for the actions and liability of its agent. 46 CFR §515.4, and the agency agreement submitted by Lapton shows mutual agents between the Hong Kong and Shenzhen parties (see Agency Agreement attachment to Motion to Dismiss)

20. Whereas, the moving party in a Rule 12(b)(6) motion has to demonstrate that the complaint fails to state a cause of action for which relief can be granted, the opposing party, in this case the Plaintiff, is not constrained in responding to the motion to dismiss from presenting evidence to support the complaint and to oppose allegations made by defendant Lapton. Neither the rule itself nor the cases interpreting the rule state or imply an limitation against the plaintiff submitting evidence to oppose movant's arguments. *See Scutti Entm't v. Park Place Entm't Corp.*, 322 F.3d 211, 214 (2d Cir 2003); *Cf. Roth, supra,* at 509. It has been stated specifically that documents presented by plaintiff as exhibits attached to the complaint may be held admissible for the purpose of a motion to dismiss pursuant to Rule 12(b)(6). *Roth v. Jennings,* 489 F.3d 499, 509 (2d Cir. 2007)

21. As cited in JDB's Memorandum in Opposition, this District Court in the Southern District of New York in *Healthcare Fin. Group, Inc. v. Bank Leumi USA,* 669 F. Supp. 2d 344 (SDNY 2009) states regarding 12(b)(6) motions: "For the purposes of deciding a motion to dismiss, the court accepts the factual allegations in a complaint as true, and draws all reasonable inferences in the plaintiff's favor." Id..at 348. Excluding

evidence and documents offered by defendant Lapton, we contend that defendant's motion should be denied applying this standard.

22. Privity issue: Defendant alleges lack of privity of contract because Lapton acting from its office in Hong Kong was not named in the complaint. The evidence and pleadings in this case indicate that Lapton's offices in Hong Kong and Shenzhen are simply offices of the same company. Affidavit of Mikael Jensen attached as Exhibit 1.

23. Defendant Lapton alleges that Plaintiff and Lapton in Hong Kong were not in privity of contract with respect to the bill of lading, representing the contract in this matter. (Motion to Dismiss at 15). We contend, however, that there is only one defendant company, Lapton Freight International Limited. Plaintiff's Exhibit 1 demonstrates that these are not separate, independent corporations or companies, but, rather this is one corporation with offices in Hong Kong (head office), Shenzhen, Shanghai, and Guangzhou. Hence the company, Lapton Freight International Limited named and described in the Complaint as a defendant in the role of consignee. (See Exhbit 1) was in privity of contract with Plaintiff Shipco Transport Inc.

24. Account stated: Pursuant to the Terms and Conditions pertaining to this shipment, paragraph 1, attached to the Complaint as Exhibit "A," the consignee, Lapton, and the shipper, JDB, are both merchants, both equally liable under the terms, attached to the complaint" and the related bills of lading.

25. Re Causes of Action for Quantum Meruit and Unjust Enrichment: we allege that defendant Lapton was enriched by performance of valuable services by Shipco Transport Inc for the benefit of Lapton. Further evidence may be provided in discovery

but sufficient allegations are made at this time in the complaint. The same is true of causes of action for contract, implied contract, and unjust enrichment.

26. Plaintiff objects to Defendant Lapton's affidavit of Chung Wai Ling, Cara, and it should be found inadmissible in this motion matter. It contains evidence on behalf of movant that contains conclusions of law based on opinions rather than facts based on the affiant's own knowledge—paragrahs nos. 4, 5, 9, and 19; and paragraph no. 20 consists of inadmissible speculation as to what JDB should have known about Lapton Freight. Also, the affidavit contains inadmissible hearsay as to the thoughts and positions on company structure of the Shenzhen office. Affidavit, Page 4, paragraph 11.

27. "Nonappearing party"—In Defendant's notice of motion at page 1, there are references and in the Chung Wai Ling Affidavit, page 2, paragraph 5 to a so-called nonappearing party, supposedly Lapton Freight International Limited (at Shenzhen). The initial appearance by attorneys for Lapton was on Feb. 15, 2010, under the name Lapton Freight International, Ltd. but with no reference to either a Hong Kong or Shenzhen separate legal entity.

## CONCLUSION

Given the foregoing facts and arguments, together with the Memorandum filed in opposition to the Motion to Dismiss by attorneys for JDB International, Inc. Plaintiff

requests that the Court deny the Motion to Dismiss Plaintiff's Amended Complaint and all aspects contained in the motion.

Signed at Washington, D.C.
September 3, 2010

_____
Todd C. Fineberg, Esq. (TF 0980)
**RODRIGUEZ O'DONNELL**
**GONZALEZ & WILLIAMS, P.C.**
1250 Connecticut Ave., N.W., Suite 200
Washington, D.C. 20036
(202) 973-2980   Telephone
(202) 293-3307   Facsimile

# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
SHIPCO TRANSPORT INC.                    :
                                         :
                        Plaintiff,       :    Case No.:  O9 CIV 7532(CM)
                                         :    ECF CASE
       -against-    :                    :
                                         :
                    :
JDB INTERNATIONAL, INC.                  :
                                         :
and                                      :
                                         :
LAPTON FREIGHT INTERNATIONAL, Inc.
                                         :
                      Defendants.        :
------------------------------------------------------X

LAPTON FREIGHT INTERNATIONAL    :
LIMITED,
                                :
                                :
       Defendant/Third Party Plaintiff, :
                                :
       -against-                :
                                :
TAKMAY INDUSTRIAL COMPANY       :
LIMITED,                        :
                                :
       Third Party Defendant    :
-------------------------------------------------   X

### AFFIDAVIT OF MIKAEL W. JENSEN

I Mikael W. Jensen, being first duly sworn, depose and say as follows:

I am the General Manager-Global Accounting of Shipco Transport Inc. (Shipco), 80 Washington Ave., Hoboken, New Jersey 07030.

I am familiar with the facts and accounts pertaining to Shipco's case in the U.S. District Court against JDB International, Inc. and Lapton Freight International Limited

On or about September 3, 2010, I wanted to observe and read the website of Lapton Freight International Limited on the Internet   I used the Google program on my office computer, and entered the name of that company in the Google system. This method permitted me to enter and see the website of Lapton Freight International Limited.

Written materials and information immediately came onto the website and were visible on my computer screen.  I read the entire website contents, and hereby state that the pages attached to this affidavit are exact duplicates of the pages I examined on the Lapton Freight International Limited website.  These pages were printed out by me from the Lapton website.and are attached to this affidavit and incorporated by reference herein.

I hereby swear that the foregoing statement is true to the best of my knowledge and information.

_____
Mikael W. Jensen

Subscribed and sworn to before me this __3__ day of _September_ 20_10_.

_____
Notary Public

Notary Public (Seal)

My commission expires _Jan 6 2011_.

[Notary Seal: LUIS G. URIARTE, MY COMMISSION EXPIRES JAN 06 2011, NEW JERSEY NOTARY PUBLIC]

2

Lapton Freight International Ltd.           Page 1 of 1

Lapton Freight International Ltd.

Page 1 of 1



## LAPTON FREIGHT INTERNATIONAL LIMITED

**Contact Us**

Full Details

LAPTON FREIGHT INTERNATIONAL LIMITED

**HONG KONG HEAD OFFICE**
Rm A3, 8/F, Block A,
Hong Kong Industrial Centre,
489-491 Castle Peak Road,
Kowloon, Hong Kong

Tel : (852) 2789 1128
Fax : (852) 2789 2860

Contact Person: Ray Ngan

**SHENZHEN OFFICE**
Rm 1106 - 07, 11/F, Oversea Friendship Bldg,
No. 12 Yingchun Rd, Luohu Dist, Shenzhen, China

Tel : (86) 755-2518 0090
Fax : (86) 755-2518 0086

Contact Person: Tina Xiang

**SHANGHAI OFFICE**
Unit E, 12/F, Hong Ye Bldg, No 761 Gong - Ping Rd, Shanghai, China

Tel : (86) 21-5596 3615/ 5596 3635
Fax : (86) 21-5596 6682

Contact Person: Cathy Zhu

**GUANGZHOU OFFICE**
Rm1906, BaiHui Plaza, No. 193 Zhongshan 5 Rd., Yuexiu District,
Guangzhou, P.R.China 510030

Tel : (86) 20-8327 4378
Fax : (86) 20-8327 4355 / 8327 4985

Contact Person: Milly Liu?/font>

**Key Personnel Email Address**

| | |
|---|---|
| Mr. Ken Chan | kenchan@lapton-freight.com.hk |
| Ms. Cara Chung | carachung@lapton-freight.com.hk |
| Mr. Ray Ngan | rayngan@lapton-freight.com.hk |

Copyright 2006 (c) Lapton Freight International Limited. All Rights Reserved. Powered by UniSmart.net

http://www.lapton-freight.com.hk/contact.html      9/2/2010

Lapton Freight International Ltd.            Page 1 of 1



## ABOUT US

Lapton Freight International Limited was founded in June 1999 in Hong Kong. We are providing Freight Forwarding and Logistics services in Hong Kong and Mainland China.



With an experienced operational and sales team, we are developing more business with our overseas partners. Our core businesses are mainly concentrated in consolidation services worldwide. They guarantee "fixed sailing schedule" and prompt delivery as all factors are under our good control. As everyone is concerned regarding costs and savings, we can offer very good FCL rates ex. Hong Kong/ China to worldwide main ports.

All of us devote ourselves not only in normal operation arrangements but also into sales and marketing. LISTENING is the most important issue. We meet with the client and listen to them and discuss together what they need. We always try our best to draft the tailor-made service plan for them.



We are now aiming to expanding our own branch / agency network especially in the China side as a result to provide reliable service to our customers. We will also set up the tracking system for cargo tracing. With a "Computerized Tracking System" as it can help exporters and importers to learn the update of cargo status in the web at anytime.

Copyright 2006 (c) Lapton Freight International Limited. All Rights Reserved. Powered by UniSmart.net

Lapton Freight International Ltd.             Page 1 of 1



**LAPTON FREIGHT INTERNATIONAL LIMITED**

**GLOBAL NETWORK**

We have overseas partners and agents over the world to take care your shipment with cost effective and efficiency.

- **Australia & New Zealand**
  Sydney, Melbourne, Brisbane, Auckland, Christchurch

- **USA**
  New York, Los Angeles, Chicago, Seattle, San Francisco, Miami, Baltimore, Boston, Atlanta

- **Canada**
  Vancouver, Montreal, Toronto

- **Europe**
  UK, France, Germany, Netherlands, Belgium, Sweden, Denmark, Italy, Finland

- **China**
  Guangzhou, Dailan, Qingdao, Ningbo, Shanghai, Tianjin, Xiamen, Shenzhen, Zhuhai, Macau

- **Far East**
  Taiwan, S.Korea, Japan, Pakistan, Sri Lanka, India, Bangladesh, Indonesia, Philippines, Malaysia, Vietnam, Cambodia, Singapore, Thailand

- **Middle East**
  Jordan, United Arab Emirates, Saudi Arabia

Copyright 2006 (c) Lapton Freight International Limited. All Rights Reserved. Powered by UniSmart.net



### IMPORT & EXPORT

We handle both import and export with experience staff providing professional service.

### SEA & AIR 

We are not only having sea service, but also providing air service to/from worldwide.

### WAREHOUSING / LOGISTICS / DISTRIBUTION

We have our own contracted warehouse, truck and haulage to arrange the cargo pick up and delivery as well as cargo storage. We can handle cargo to be consolidated in our warehouse require labeling, re-packing, palletized, sorting and distribution for multi-destinations.

Copyright 2002 (c) Lapton Freight International Limited. All Rights Reserved. Powered by UniSmart.net

## Affirmation of Service

I, Todd C. Fineberg., hereby certify that I served copies of the foregoing Opposition of Plaintiff Shipco Transport Inc. to Defendant Lapton Freight International Limited's Notice of Motion to Dismiss Plaintiff's Amended Complaint by delivering copies of this document electronccally on September 3, 2010, to the following parties in accordance with the ECF Rules applicable in the United States Disctrict Court for the Southern District of New York:

Attorneys for JDB International, Inc.

Meichelle MacGregor (mrm@cll.com)
Carl R. Soller (crs@cll.com)
Don M. Obert (dmo@cll.com)
Cowan Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036


Attorneys for Lapton Freight International, Inc.:

Patrick F. Lennon, Esq.    (pfl@mcplegal.com)
Anne LeVasseur            (acl@mcplegal.com)
Lennon, Murphy & Lennon, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170


Dated: September 3, 2010
Washington, D.C.

_____
Todd C. Fineberg (TF 0980)
Rodriguez O'Donnell Gonzalez & Williams, P.C.