```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIPCO TRANSPORT INC.                    :
                                         :
            Plaintiff,                   :
                                         :         09 cv 7532 (CM)
        -against-                        :
                                         :         ECF CASE
JDB INTERNATIONAL INC. and               :
LAPTON FREIGHT INTERNATIONAL             :
LIMITED,                                 :
                                         :
            Defendants.                  :
------------------------------------------------------------X
```

### REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Defendant LAPTON FREIGHT INTERNATIONAL LIMITED (hereinafter "Lapton Freight Hong Kong") by and through its undersigned counsel, Lennon, Murphy, Caulfield & Phillips, LLC, respectfully submits this Memorandum of Law in reply to Defendant JDB INTERNATIONAL INC.'s (hereinafter "JDB") Memorandum of Law in Opposition to Lapton Freight Hong Kong's Motion to Dismiss and in further support of its motion filed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) seeking to dismiss Plaintiff's, SHIPCO TRANSPORT, INC. (hereinafter "Shipco" or "Plaintiff") Amended Complaint in its entirety as it fails to state a claim upon which relief can be granted against Lapton Freight Hong Kong.

### ARGUMENT

### POINT I

### SHIPCO CANNOT STATE A CLAIM AGAINST LAPTON FREIGHT HONG KONG UPON WHICH RELIEF MAY BE GRANTED BY THIS COURT

"The Supreme Court has clarified the proper mode of inquiry to evaluate a motion to dismiss pursuant to Rule 12(b)(6), which uses as its starting point the principle that '[a] pleading

1

that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See Key Items, Inc. v. Ultima Diamonds, Inc.* 2010 U.S. Dist. LEXIS 84830 at* 6 (S.D.N.Y. August 17, 2010) *citing F. R. Civ. P. 8(a)*.

> "Allegations state a facially plausible claim when their factual content 'allows the court to draw the reasonable inference **that the defendant is liable for the misconduct alleged.** The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully.' *Ashcroft v. Iqbal*, supra, 129 S.Ct. at 1949. 'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, supra, 129 S. Ct. at 1949 (internal citations omitted.) Accordingly, 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown"- that the pleader is entitled to relief." *Ashcroft v. Iqbal*, supra, 129 S.Ct. at 1950 *quoting* Fed. R. Civ. P. 8(a)(2).

(emphasis added.) *Key Items, Inc. v. Ultima Diamonds, Inc.*, 2010 U.S. Dist. LEXIS 84830 at *7-8. Taking Plaintiff's allegations as true, there can be no dispute that the proper defendant in this matter is Lapton Freight Shenzhen, and not Lapton Freight Hong Kong, and that Plaintiff has failed to state a claim that Lapton Freight Hong Kong is liable for any misconduct alleged.

Plaintiff's Amended Complaint contains numerous allegations, all of which are directed to Lapton Freight Shenzhen. Such allegations do not allow this Court to draw any inference that Lapton Freight Hong Kong is liable for the misconduct alleged in the Amended Complaint. As such, Plaintiff has failed to plead facts sufficient to show that Lapton Freight Hong Kong is a proper party to this action.

Importantly, Plaintiff's Amended Complaint does not allege that Lapton Freight Hong Kong entered into any contract with Plaintiff or that Plaintiff presented an account balance to Lapton Freight Hong Kong for payment. Thus, Shipco's Amended Complaint should be

dismissed as it fails to state a claim against Lapton Freight Hong Kong upon which relief may be granted.

Defendant JDB[1] argues that "the Amended Complaint clearly alleges that Lapton Freight Hong Kong was a party to the contract and was involved with the transactions at issue." *See Defendant JDB's Memorandum in Opposition to Lapton Freight Hong Kong's Motion to Dismiss, page 2.* This argument is without merit. Plaintiff's Amended Complaint alleges that Lapton Freight Shenzhen, as consignee of the shipment, failed to accept delivery of the cargo in violation of its duty as consignee in the transactions. *See Plaintiff's Amended Complaint,* ¶ 9. Plaintiff repeatedly makes reference to the Bill of Lading contracts, which list the consignee as Lapton Freight Shenzhen. For example, at Paragraph 22, Plaintiff alleges:

> 22. Under the Terms and Conditions of the Bills of Lading furnished for these shipments by Shipco, the consignee is included in the description of "Merchant" under Clause 9 of the terms and conditions (Exhibit A), and therefore, is liable for and responsible for both freight and demurrage, storage and related charters. The consignee, Lapton, as well as the shipper, JDB, are specifically referred to as "merchant" pursuant to Clause 9, and therefore, liable for the aforementioned freight and charges.

It cannot be disputed that the Bill of Lading contracts, portions of which are attached to Plaintiff's Amended Complaint as Exhibits 1 and 2, and full copies of which were submitted as exhibits the Declaration of Chung Wai Ling, Cara, Director of Lapton Freight Hong Kong, show that the consignee of the cargo was Lapton Freight Shenzhen. Thus, Plaintiff's Amended Complaint does not allege that Lapton Freight Hong Kong was a party to the Bill of Ladings contracts and this action should therefore be dismissed as to Lapton Freight Hong Kong. *See Rodriguez v. It's Just Lunch, Int'l*, 2010 U.S. Dist. LEXIS 16622 at* 10 (S.D.N.Y. February 23,

---

[1] Lapton Freight Hong Kong notes that its Motion to Dismiss is directed at Plaintiff Shipco's Amended Complaint, and not at Defendant JDB. Therefore, Defendant JDB's Memorandum of Law in Opposition to Lapton Freight's Motion to Dismiss, and all arguments contained there, should be disregarded in their entirety.

3

2010)(Fox, M.J.)(Report & Recommendation) (holding in order to withstand dismissal, "a claimant must demonstrate the existence of an enforceable contract, through specific allegations about the parties to the agreement, the date of the contract's formation, and the contract's major terms.")

Moreover, while JDB argues that the Amended Complaint alleges that Lapton Freight Hong Kong was a party to the contract, the Bill of Lading contracts, relied on by Plaintiff in bringing its claim, clearly show that Lapton Freight Shenzhen was the party to the Bill of Lading contracts. Thus, JDB's allegations that Plaintiff properly alleged that Lapton Freight Hong Kong was a party to the Bill of Lading contracts are contradicted by the very documents Plaintiff cites to support its claim. *See Leham v. Garfinkle*, 2009 U.S. Dist. LEXIS 126334 (S.D.N.Y. September 16, 2009 (holding plaintiff did not properly allege the existence of a contract between plaintiff and certain defendants where the complaint alleged that "the Defendants made various promises to him" and the exhibits attached to plaintiff's complaint showed that promises were in fact made by other defendants.); *See also In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004)(holding "the court need not accept as true an allegation that is contradicted by documents on which the complaint relies.")

As such, any liability for Shipco's claims is the responsibility of Lapton Freight Shenzhen and cannot be enforced against Lapton Freight Hong Kong or its FMC bond. Thus, as Lapton Freight Hong Kong is not a party to the Bill of Lading contracts, or any other contracts, implied or otherwise, as evidenced by the very Bill of Lading contracts themselves, this Court should grant Lapton Freight Hong Kong's motion to dismiss Plaintiff's Amended Complaint against it in its entirety.

## POINT II

## LAPTON FREIGHT HONG KONG CANNOT BE HELD LIABLE BASED ON THE AGENCY RELATIONSHIP

JDB[2] argues that even if Lapton Freight is not in direct privity with Shipco on the contract issue, it can still be found liable for unjust enrichment, as such a claim lies in quasi contract and does not depend on the existence of a promise or agreement. In support of this argument, JDB cites to *Bradkin v. Leverton*, 26 N.Y. 2d 192, 309 N.Y.S. 2d 192 (1970) which held "although there was no agreement between the parties, the defendant received a benefit from the plaintiff's services which can support a claim for unjust enrichment." Defendant JDB further relies on *Briton, Inc. v. Streuber*, 321 N.Y.S.2d 195 (1st Dept. 1971) *aff'd* 30 N.Y.2d 551, which held that a claim for unjust enrichment may proceed against a party who received a benefit, notwithstanding that it had not contracted directly with the plaintiff. However, the fatal flaw with Defendant JDB's argument is that the Defendant named in this action, *i.e.* Lapton Freight Hong Kong, did not receive any benefit from the Bill of Lading contracts between Shipco and Lapton Freight Shenzhen. Thus, the essential requirement necessary for liability based on unjust enrichment is missing. *See David R. Maltz & Co., Inc. v. Wachovia Bank, N.A.*, 2010 U.S. Dist. LEXIS 3158 at *28 (E.D.N.Y. March 31, 2010)("[A] plaintiff asserting a claim of unjust enrichment must show that the defendant was enriched at the plaintiff's expense and that equity and good conscience require the plaintiff to recover the enrichment from the defendant.") Defendant JDB is unable to offer any proof that Lapton Freight Hong Kong received any benefits and thus the Agency Agreement does not support a finding of liability against Lapton Freight Hong Kong.

---

[2] Again, Lapton Freight Hong Kong notes that its Motion to Dismiss is directed at Plaintiff Shipco's Amended Complaint, and not at Defendant JDB. Therefore, Defendant JDB's Memorandum of Law in Opposition to Lapton Freight's Motion to Dismiss, and all arguments contained therein, should be disregarded in their entirety.

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed as against Defendant Lapton Freight Hong Kong.

## **CONCLUSION**

For the reasons set forth herein, and the reasons set forth in Lapton Freight Hong Kong's Memorandum of Law in Support of its Motion to Dismiss, this Court should grant Lapton Freight Hong Kong's motion to dismiss Plaintiff's Amended Complaint against it in its entirety.

Dated: September 7, 2010

LAPTON FREIGHT INTERNATIONAL, INC.

By: _____
Patrick F. Lennon (PL2162)
Anne C. LeVasseur (AL3333)
LENNON, MURPHY, CAULFIELD
& PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 (phone)
(212) 490-6070 (fax)
pfl@lmcplegal.com
acl@lmcplegal.com

## AFFIRMATION OF SERVICE

I hereby certify that on September 7, 2010, a copy of the foregoing Reply Memorandum of Law in Further Support of Motion to Dismiss Plaintiff's Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: *Anne C. LeVasseur*
Anne C. LeVasseur