```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIPCO TRANSPORT INC.                      :
                                           :
             Plaintiff,                    :
                                           :       09 cv 7532 (CM)
       -against-                           :
                                           :       ECF CASE
JDB INTERNATIONAL INC. and                 :
LAPTON FREIGHT INTERNATIONAL               :
LIMITED,                                   :
                                           :
             Defendants.                   :
------------------------------------------------------------X
```

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant LAPTON FREIGHT INTERNATIONAL LIMITED (hereinafter "Lapton Freight Hong Kong") by and through its undersigned counsel, Lennon, Murphy, Caulfield & Phillips, LLC, respectfully submits this Memorandum of Law in reply to Plaintiff's, SHIPCO TRANSPORT INC. (hereinafter "Shipco" or "Plaintiff"), Memorandum of Law in Opposition to Lapton Freight Hong Kong's Motion to Dismiss and in further support of its motion filed pursuant to Federal Rules of Civil Procedure Rule 12(b)(6) seeking to dismiss Plaintiff's Amended Complaint in its entirety as it fails to state a claim upon which relief can be granted against Lapton Freight Hong Kong.

## ARGUMENT

### POINT I

**SHIPCO CANNOT STATE A CLAIM AGAINST LAPTON FREIGHT HONG KONG UPON WHICH RELIEF MAY BE GRANTED BY THIS COURT**

"The Supreme Court has clarified the proper mode of inquiry to evaluate a motion to dismiss pursuant to Rule 12(b)(6), which uses as its starting point the principle that '[a] pleading

1

that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." *See Key Items, Inc. v. Ultima Diamonds, Inc.* 2010 U.S. Dist. LEXIS 84830 at* 6 (S.D.N.Y. August 17, 2010) *citing F. R. Civ. P. 8(a).*

> "Allegations state a facially plausible claim when their factual content 'allows the court to draw the reasonable inference **that the defendant is liable for the misconduct alleged**. The plausibility standard is not akin to a 'probability requirement', but it asks for more than a sheer possibility that a defendant has acted unlawfully.' *Ashcroft v. Iqbal*, supra, 129 S.Ct. at 1949. 'Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Ashcroft v. Iqbal*, supra, 129 S. Ct. at 1949 (internal citations omitted.) Accordingly, 'where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "shown"- that the pleader is entitled to relief." *Ashcroft v. Iqbal*, supra, 129 S.Ct. at 1950 *quoting* Fed. R. Civ. P. 8(a)(2).

(emphasis added.) *Key Items, Inc. v. Ultima Diamonds, Inc.,* 2010 U.S. Dist. LEXIS 84830 at *7-8. Taking Plaintiff's allegations as true, there can be no dispute that the proper defendant in this matter is Lapton Freight Shenzhen, and not Lapton Freight Hong Kong, and that Plaintiff has failed to state a claim that Lapton Freight Hong Kong is liable for any misconduct alleged.

Plaintiff's Amended Complaint contains numerous allegations, all of which are directed to Lapton Freight Shenzhen. Such allegations do not allow this Court to draw any inference that Lapton Freight Hong Kong is liable for the misconduct alleged in the Amended Complaint. As such, Plaintiff has failed to plead facts sufficient to show that Lapton Freight Hong Kong is a proper party to this action.

Importantly, Plaintiff's Amended Complaint does not allege that Lapton Freight Hong Kong entered into any contract with Plaintiff or that Plaintiff presented an account balance to Lapton Freight Hong Kong for payment. Thus, Shipco's Amended Complaint should be

dismissed as it fails to state a claim against Lapton Freight Hong Kong upon which relief may be granted.

In its Memorandum of Law in Opposition to Lapton Freight Hong Kong's Motion to Dismiss, Plaintiff states that at the beginning of this case, it was aware of one corporation named Lapton Freight International Limited, whose name was stated on the Bill of Lading contracts, issued by Shipco, as consignee for the cargo. *See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, page 2.* However, Plaintiff cannot dispute that the Bill of Lading contracts, portions of which are attached to Plaintiff's Amended Complaint as Exhibits 1 and 2, and full copies of which were submitted as exhibits to the Declaration of Chung Wai Ling, Director of Lapton Freight Hong Kong, state that the consignee of the cargo was Lapton Freight Shenzhen. Thus, Plaintiff was aware from the commencement of this action that the proper defendant in this matter was Lapton Freight Shenzhen, yet it proceeded to serve the Summons and Complaint on the agent for service for a totally a separate company with a completely different address, *i.e.* Lapton Freight Hong Kong. Distribution Publications is Lapton Freight Hong Kong's designated agent under its NVOCC license with the FMC and is not, to Lapton Freight Hong Kong's knowledge, and agent for Lapton Freight Shenzhen.

Plaintiff has further wrongfully filed a claim against Lapton Freight Hong Kong's FMC surety bond in an attempt to satisfy its claims against non-appearing party Lapton Freight Shenzhen. Plaintiff argues that it served Distribution Publications in reliance on the information on the Federal Maritime Commission Register. *See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, page 2.* However, Distribution Publications is Lapton Freight Hong Kong's designated agent under its NVOCC license with the FMC, not Lapton Freight Shenzhen's agent. As aforesaid, Plaintiff was aware that the Bill of Lading contracts all listed

3

Lapton Freight <u>Shenzhen</u> as the consignee of the cargo. Contrary to Plaintiff's arguments, Distribution Publications actions in accepting service of process for Lapton Freight Shenzhen does not "create additional evidence" that Lapton Freight Hong Kong and Lapton Freight Shenzhen are not separate and distinct legal entities. As evidenced by the Agency Agreement, they are in fact separate and distinct legal entities. *See Declaration of Chung Wai Ling, Cara ¶¶ 8,9, Exhibit 4.*

Plaintiff also refers to Lapton Freight Hong Kong's Third Party Complaint, which was filed on March 19, 2010 against Third Party Defendant Takmay Industrial Company. Plaintiff argues that the Third Party Complaint refers to Lapton Freight Hong Kong as being a Chinese corporation. The legal existence and corporate structures of Lapton Freight Hong Kong and Lapton Freight Shenzhen are set out in Lapton Freight Hong Kong's Motion to Dismiss and in the Agency Agreement, and thus the allegations set out in the Third Party Complaint are not relevant to this Motion currently before the Court. Moreover, Lapton Freight Hong Kong has not served the Third Party Complaint upon the Third Party Defendant. In fact, Lapton Freight only filed the Third Party Complaint as a protective measure and in order to comply with the Court's March 19, 2010 deadline for joining third parties.

Plaintiff also argues that Lapton Freight Hong Kong's attorney "prepared and served responses to discovery all in the name of Lapton Freight International Limited without reference to a company limited to Hong Kong." *See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, page 3.* This statement is simply untrue. As an initial matter, Lapton Freight Hong Kong's attorneys responded to Plaintiff's discovery requests because Plaintiff had wrongfully filed a claim against its FMC surety bond, and as such, it has been forced to participate in litigation pending the outcome of this Motion to Dismiss. Moreover, in its

4

Answers to Plaintiff's Interrogatories, Lapton Freight Hong Kong repeatedly stated that any agreements with respect to shipments of cargo referred to in the Bill of Lading contracts were between Lapton Freight <u>Shenzhen</u> and Defendant JDB.   Additionally, Lapton Freight stated several times in its answers to Plaintiff's Interrogatories that Lapton Freight Hong Kong at all times acted as the agent for Lapton Freight Shenzhen in arranging for the shipments.  Further, in response to Plaintiff's Request for Production of Documents, Lapton Freight Hong Kong produced a copy of the Agency Agreement as further evidence of its limited role of agent of Lapton Freight Shenzhen.  Thus, Plaintiff's arguments are nothing short of grasping at straws.

Plaintiff's Amended Complaint alleges that Lapton Freight Shenzhen, as consignee of the shipment, failed to accept delivery of the cargo in violation of its duty as consignee in the transactions. *See Plaintiff's Amended Complaint,* ¶ 9.  Plaintiff repeatedly makes reference to the Bill of Lading contracts, which list the consignee as Lapton Freight Shenzhen. For example, at Paragraph 22, Plaintiff alleges:

> 22.   Under the Terms and Conditions of the Bills of Lading furnished for these shipments by Shipco, the consignee is included in the description of "Merchant" under Clause 9 of the terms and conditions (Exhibit A), and therefore, is liable for and responsible for both freight and demurrage, storage and related charters. The consignee, Lapton, as well as the shipper, JDB, are specifically referred to as "merchant" pursuant to Clause 9, and therefore, liable for the aforementioned freight and charges.

Thus, Plaintiff's Amended Complaint does not allege that Lapton Freight Hong Kong was a party to the Bill of Ladings contracts and this action should therefore be dismissed as to Lapton Freight Hong Kong. *See Rodriguez v. It's Just Lunch, Int'l,* 2010 U.S. Dist. LEXIS 16622 at* 10 (S.D.N.Y. February 23, 2010)(Fox, M.J.)(Report & Recommendation) (holding in order to withstand dismissal, "a claimant must demonstrate the existence of an enforceable contract,

5

through specific allegations about the parties to the agreement, the date of the contract's formation, and the contract's major terms.")

Moreover, Plaintiff's argument that Lapton Freight Hong Kong is the proper party to this action is contradicted by the very documents it cites to support its claim. The company named and described in Plaintiff's Amended Complaint is Lapton Freight Shenzhen. The company named as consignee in the Bill of Lading contracts is Lapton Freight Shenzhen. Hence, the proper defendant is Lapton Freight Shenzhen, not Lapton Freight Hong Kong, who was incorrectly served in this matter. *See Leham v. Garfinkle*, 2009 U.S. Dist. LEXIS 126334 (S.D.N.Y. September 16, 2009 (holding plaintiff did not properly allege the existence of a contract between plaintiff and certain defendants where the complaint alleged that "the Defendants made various promises to him" and the exhibits attached to plaintiff's complaint showed that promises were in fact made by other defendants.); *See also In re Bristol-Myers Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 555 (S.D.N.Y. 2004)(holding "the court need not accept as true an allegation that is contradicted by documents on which the complaint relies.")

As such, any liability for Plaintiff's claims is the responsibility of Lapton Freight Shenzhen and cannot be enforced against Lapton Freight Hong Kong or its FMC bond. Thus, as Lapton Freight Hong Kong is not a party to the Bill of Lading contracts, or any other contracts, implied or otherwise, as evidenced by the very Bill of Lading contracts upon which Plaintiff has sued, this Court should grant Lapton Freight Hong Kong's motion to dismiss Plaintiff's Amended Complaint against it in its entirety.

## POINT II

### LAPTON FREIGHT HONG KONG DID NOT RECEIVE ANY BENEFIT FROM THE BILL OF LADING CONTRACTS BETWEEEN SHIPCO AND LAPTON FREIGHT SHENZHEN

Plaintiff argues that Lapton Freight Hong Kong and Lapton Freight Shenzhen are one company and "hence the company, Lapton Freight International Limited, named and described in the Complaint as a defendant in the role of consignee was in privity of contract with Plaintiff Shipco Transport Inc." *See Plaintiff's Memorandum of Law in Opposition to Motion to Dismiss, page 7.* Contrary to Plaintiff's unsupported assertion, and as evidenced by the Agency Agreement however, Lapton Freight Hong Kong and Lapton Freight Shenzhen are in fact separate and distinct legal entities. Plaintiff's Verified Complaint describes Lapton Freight Shenzhen in the role of consignee and thus Lapton Freight Hong Kong is not in privity of contract with Plaintiff. Moreover, the Defendant named in this action, *i.e.* Lapton Freight Hong Kong, did not receive any benefit from the Bill of Lading contracts between Shipco and Lapton Freight Shenzhen, nor has Plaintiff identified any such benefit to Lapton Freight Hong Kong. Thus, Lapton Freight Hong Kong cannot be liable for any claim of as the essential requirement necessary for liability based on such theories is missing. *See David R. Maltz & Co., Inc. v. Wachovia Bank, N.A.*, 2010 U.S. Dist. LEXIS 3158 at *28 (E.D.N.Y. March 31, 2010)("[A] plaintiff asserting a claim of unjust enrichment must show that the defendant was enriched at the plaintiff's expense and that equity and good conscience require the plaintiff to recover the enrichment from the defendant.") Plaintiff is unable to offer any proof that Lapton Freight Hong Kong received any benefits and thus cannot properly allege a claim for unjust enrichment or quantum meruit against Lapton Freight Hong Kong.

For the foregoing reasons, Plaintiff's Amended Complaint should be dismissed as against Defendant Lapton Freight Hong Kong.

## CONCLUSION

For the reasons set forth herein, and those set forth in Lapton Freight Hong Kong's Memorandum of Law in Support of its Motion to Dismiss dated August 13, 2010, this Court should grant Lapton Freight Hong Kong's motion to dismiss Plaintiff's Amended Complaint against it in its entirety.

Dated: September 14, 2010

LAPTON FREIGHT INTERNATIONAL, INC.

By: /s/ Anne C. LeVasseur
Patrick F. Lennon (PL2162)
Anne C. LeVasseur (AL3333)
LENNON, MURPHY, CAULFIELD
& PHILLIPS, LLC
The GrayBar Building
420 Lexington Ave., Suite 300
New York, NY 10170
(212) 490-6050 (phone)
(212) 490-6070 (fax)
pfl@lmcplegal.com
acl@lmcplegal.com

## AFFIRMATION OF SERVICE

I hereby certify that on September 14, 2010, a copy of the foregoing Reply Memorandum of Law in Further Support of Motion to Dismiss Plaintiff's Amended Complaint was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: *Anne C. LeVasseur*
Anne C. LeVasseur