```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
SHIPCO TRANSPORT INC.                          :
                                               :
            Plaintiff,                         :
                                               :    09 cv 7532 (CM)
      -against-                                :
                                               :    ECF CASE
JDB INTERNATIONAL INC. and                     :
LAPTON FREIGHT INTERNATIONAL                   :
LIMITED,                                       :
                                               :
            Defendants.                        :
------------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR STAY OF DISCOVERY

Defendant, LAPTON FREIGHT INTERNATIONAL LIMITED (Hong Kong) (hereinafter "Lapton Freight Hong Kong"), by its attorneys, Lennon, Murphy, Caulfield & Phillips, LLC, hereby submits this Memorandum of Law in support of its motion filed pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P.") 26 seeking a stay of discovery pending the Court's decision on its Motion to Dismiss Plaintiff's, SHIPCO TRANSPORT, INC. (hereinafter "Shipco"), Amended Complaint.

On August 13, 2010, Lapton Freight Hong Kong filed a Motion to Dismiss Shipco's Amended Complaint because it fails to state a claim against Lapton Freight Hong Kong upon which relief may be granted under Fed. R. Civ. P. 12(b)(6). Lapton Freight Hong Kong's Motion to Dismiss was fully submitted to this Court on September 14, 2010.

## ARGUMENT

Under Rule 26(c) of the Fed. R. Civ. P., a court may, in its discretion, stay discovery "for good cause." "It is well-settled that the issuance of a stay of discovery pending the outcome of a motion to dismiss is 'by no means automatic'. It is equally well-settled that upon a showing of

1

good cause a district court has considerable discretion to stay discovery pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. In considering a motion for a stay of discovery pending a dispositive motion, a court should consider the breadth of discovery sought and the burden of responding to it, as well as the strength of the underlying motion." (internal citations omitted). *Integrated Systems and Power, Inc. v. Honeywell International, Inc.*, 2009 U.S. Dist. LEXIS 78476 at *2-3 (S.D.N.Y. September 1, 2009)."[A] stay of discovery should be granted where the motion to dismiss is potentially dispositive, and appears to be not unfounded in the law." (internal punctuation and citation omitted). *Spencer Trask Software & Info. Servs., LLC v. RPost Int'l. Ltd.*, 206 F.R.D. 367, 368 (S.D.N.Y. 2002)

There is good cause for a stay of discovery in this case. Lapton Freight Honk Kong's Motion to Dismiss should be granted as Lapton Freight Hong Kong was not a party to the bill of lading contracts issued by Shipco, nor was it the consignee of any of the shipments subject to the bill lading contracts on which Shipco brings this action. Thus, there is no privity of contract between Shipco and Lapton Freight Hong Kong. *See Jako Marketing Corp. v. M.V. Sea Fan*, 557 F. Supp. 1244, 1983 U.S. Dist. LEXIS 19008 (S.D.N.Y. 1983)(dismissing claims against shipowners for lack of privity where shipowners were not parties to the bills of lading and could not be liable for any damage to cargo.) Lapton Freight Hong Kong has put forth an argument for dismissal of Shipco's Amended Complaint which "appears not be unfounded in the law" thus "granting a stay could avoid the need for costly and time-consuming discovery." *Integrated Systems and Power, Inc. v. Honeywell International, Inc.*, 2009 U.S. Dist. LEXIS 78476 at *3.

Requiring Lapton Freight Hong Kong to participate in discovery prior to a ruling on its Motion to Dismiss would cause it to incur disproportionate costs, particularly in circumstances

where dismissal is highly likely, as in this case. The prejudice to Shipco is minimal because discovery can proceed as to the non-moving defendant, JDB International, Inc. *See Integrated Systems and Power, Inc. v. Honeywell International, Inc.*, 2009 U.S. Dist. LEXIS 78476 at *4 (holding a stay pending determination of motion to dismiss would delay discovery for a only a few months and thus would not prejudice plaintiff to any degree.)

WHEREFORE, the Defendant, LAPTON FREIGHT INTERNATIONAL, INC. (Hong Kong) respectfully requests that this Court enter an order staying discovery pending a ruling on its Motion to Dismiss Plaintiff's Amended Complaint.

Dated: November 12, 2010

        Respectfully submitted,
        LAPTON FREIGHT INTERNATIONAL, INC.
        (Hong Kong)

By: /s/ Anne C. LeVasseur
        Patrick F. Lennon (PL2162)
        Anne C. LeVasseur (AL3333)
        LENNON, MURPHY, CAULFIELD
        & PHILLIPS, LLC
        The GrayBar Building
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 (phone)
        (212) 490-6070 (fax)
        pfl@lmcplegal.com
        acl@lmcplegal.com

## AFFIRMATION OF SERVICE

I hereby certify that on November 12, 2010, a copy of the foregoing Memorandum of Law in Support of Motion for Stay of Discovery was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's CM/ECF system.

By: *Anne C. LeVasseur*
Anne C. LeVasseur