UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
――――――――――――――――――――――x

SHIPCO TRANSPORT INC.,

    Plaintiff,

-against-                              09 Civ. 7532 (CM)

JDB INTERNATIONAL INC. and
LAPTON FREIGHT INTERNATIONAL
LIMITED,

    Defendant.

――――――――――――――――――――――x

LAPTON FREIGHT INTERNATIONAL
LIMITED,

    Defendant/Third Party Plaintiff,

-against-

TAKMAY INDUSTRIAL COMPANY
LIMITED,

    Third Party Defendant.

――――――――――――――――――――――x

**MEMORANDUM ORDER DENYING DEFENDANT'S MOTION TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT**

McMahon, J.:

    In order to avoid what is described as costly overseas discovery, defendant Lapton Freight International, Limited, has asked for an expeditious ruling on its pending motion to dismiss the complaint.

    The motion – which is really not a motion to dismiss at all, since it is predicated entirely on evidentiary material that is not pleaded or referenced in the Amended Complaint -- is denied.

    The moving defendant in this case is Lapton Freight International Limited, which is pleaded as a Hong Kong corporation with its principal place of business in Segenshen, China.

[USDS SDNY / DOCUMENT / ELECTRONICALLY FILED / DOC #: ___ / DATE FILED: 11/17/10]

The named defendant is not an entity called Lapton Freight Hong Kong or Lapton Freight International Shenzen. The motion to dismiss – which appears to be made on behalf of a party that is not named in the complaint – is nonsensical. To the extent that the named defendant – which has not only appeared in this action but which has affirmatively invoked the jurisidiction of this court to assert a counterclaim – wishes to assert that it does not exist; or that it has two separate subsidiaries (if in fact it does), only one of which is a consignor for purposes of this action; or any other improper party defense; it can do so by way of defense, but as plaintiff and defendant JDB International Inc rightly point out, that does no more than raise an issue of fact that cannot be resolved on the motion to dismiss.

Lapton's effort to inject dehors the complaint material into this matter on a motion to dismiss is rejected. The issue of who the proper corporate party is – and whether there exist agency agreements that might subject other corporate parties to liability in this matter – cannot be resolved on a motion pursuant to Fed. R. Civ. P. 12(b)(6) and probably cannot be resolved on a motion for summary judgment either. The matter will have to be explored – which means that the discovery Lapton is apparently trying to avoid is inevitable. If Lapton fails to comply with legitimate discovery demands into its corporate structure and the involvement of its Hong Kong office/subsidiary in this matter, it will be sanctioned.

The motion at Docket #32 is denied.

Dated: November 17, 2010

U.S.D.J.

BY ECF TO ALL COUNSEL