Carl R. Soller (crs@cll.com)
Meichelle R. MacGregor (mrm@cll.com)
Don M. Obert (dmo@cll.com)
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY  10036
212-790-9200
Attorneys for Defendant
JDB International Inc.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

SHIPCO TRANSPORT, INC.,                           :

                              Plaintiff,           :      09 Civ. 7532 (CM)

            -against-                              :      FILED ELECTRONICALLY

JDB INTERNATIONAL INC. and LAPTON                 :      **HON. COLLEEN MCMAHON**
FREIGHT INTERNATIONAL LIMITED,
                                                   :      **MEMORANDUM OF LAW IN**
                              Defendants.          :      **SUPPORT OF CLL'S MOTION**
                                                   :      **TO WITHDRAW**

------------------------------------------------------------------- x

## TABLE OF CONTENTS

**Page(s)**

TABLE OF AUTHORITIES ..................................................................................................... i

INTRODUCTION ................................................................................................................... 1

STATEMENT OF FACTS ...................................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.   CLL Has Satisfactory Reasons for Withdrawal ........................................................ 1

    II.  The Posture of the Case Mitigates in Favor of Withdrawal ...................................... 7

CONCLUSION ........................................................................................................................ 8

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

CASES

*Beshansky v. First Nat'l Entm't Corp.*,
140 F.R.D. 272, U.S. Dist. LEXIS 948 (S.D.N.Y. Jan. 31, 1990) ...........................................5

*Blue Angel Films, Ltd. v. First Look Studios, Inc.*,
2011 U.S. Dist. LEXIS 16674 (S.D.N.Y. Feb. 17, 2011)........................................................4

*Boyle v. Revici*,
1987 U.S. Dist. LEXIS 11541 (S.D.N.Y. Dec. 9, 1987) ...........................................................5

*Centrifugal Force, Inc. v. SoftNet Commun., Inc.*,
2009 U.S. Dist. LEXIS 35223 (S.D.N.Y Apr. 6, 2009) ...........................................................5

*Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*,
2005 U.S. Dist. LEXIS 17008 (S.D.N.Y. Aug. 12, 2005)................................................4, 5, 6

*Dowler v. Cunard Line Ltd.*,
1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) ..........................................................4

*Farr Man Coffee, Inc. v. M/S Bernhard S*,
1989 U.S. Dist. LEXIS 2988 (S.D.N.Y. Mar. 28, 1989)..........................................................5

*Griffin v. Norwegian Cruise Line, Ltd.*,
2002 U.S. Dist. LEXIS 5630 (S.D.N.Y. Apr. 2, 2002) ............................................................4

*Hallmark Capital Corp. v. The Red Rose Collection, Inc.*,
1997 U.S. Dist. LEXIS 16328 (S.D.N.Y. Oct. 21, 1997).........................................................4

*Shea v. F.C. Fin. Serv., Inc.*,
1994 U.S. Dist. LEXIS 15604 (S.D.N.Y. Nov. 2, 1994)..........................................................4

*Statue of Liberty - Ellis Island Found., Inc. v. Int'l United Indus., Inc.*,
110 F.R.D. 395 1986 U. S. Dist. LEXIS 24757(S.D.N.Y. June 2, 1986) ................................5

*Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.*,
464 F. Supp. 2d 164, 2006 U.S. Dist. LEXIS 89230 (E.D.N.Y. Dec. 11, 2006) .....................5

OTHER AUTHORITIES

Local Rule 1.4...................................................................................................................3, 5

Rules of Professional Conduct Rule 1.16(b)(5), (6) .......................................................................5

i

## INTRODUCTION

Cowan, Liebowitz & Latman, P.C. ("CLL") respectfully submits this memorandum of law in support of CLL's motion to withdraw as counsel to Defendant JDB International, Inc. ("JDB"). This motion should be granted because CLL and JDB have reached an irreconcilable conflict that has resulted in a deterioration of the attorney-client relationship, which, at this point, cannot be rectified. As discussed below, there has been a break down in communication between defendant and counsel. In addition, JDB has failed to pay CLL's legal fees, despite repeated demands therefore. There will be no prejudice to defendant if the motion to withdraw is granted, since the pretrial conference and trial dates have not yet been scheduled.

## STATEMENT OF FACTS

Pursuant to Local Rule 1.4, the facts supporting this application for leave to withdraw as counsel are set forth in the accompanying declaration of Carl R. Soller, Esq., dated April 14, 2011 ("Soller Aff.").

## ARGUMENT

### I.    CLL Has Satisfactory Reasons for Withdrawal

Local Rule 1.4 provides that:

> An attorney who has appeared as attorney of record of a party may be relieved or displaced only by order of the court and may not withdraw from a case without leave of the court granted by order. Such an order may be granted only upon a showing by affidavit or otherwise of satisfactory reasons for withdrawal or displacement and the posture of the case, including its position, of any, on the calendar.

As set forth in the accompanying Soller Aff., JDB and CLL have reached an irreconcilable conflict that has resulted in the deterioration of the attorney-client relationship, which, at this point, cannot be rectified. In particular, defendant's officers and employees do not return counsel's phone calls or emails or otherwise respond to counsel's requests for information

28935/000/1235493.1

and instruction.  Soller Aff., ¶3, 5.  As such, counsel has been unable to obtain instructions from JDB in a timely and adequate fashion, and counsel's attempts to comply with discovery deadlines and discuss strategy have been undermined.  Soller Aff., ¶5.  Indeed, it has been two weeks since counsel's last communication to defendant, and no response has been received to date.  Soller Aff., ¶3.  Such a lack of communication has made it impossible for counsel to prepare for trial or, alternatively, work toward a settlement of this matter, and has created an irreconcilable conflict between defendant and counsel.

Defendant's refusal to cooperate with CLL in the defense of this action is sufficient reason for granting CLL's motion to withdraw.  As the courts have ruled, "lack of cooperation by a client with its counsel, including lack of communication, is a sufficient reason for allowing withdrawal." *Hallmark Capital Corp. v. The Red Rose Collection, Inc.,* 1997 U.S. Dist. LEXIS 16328, at *5 (S.D.N.Y. Oct. 21, 1997), quoting *Cosgrove v. Federal Home Loan Bank,* 1995 U.S. Dist. LEXIS 14880, at *4 (S.D.N.Y. Oct. 11, 1995).  *See also, Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.,* 2005 U.S. Dist. LEXIS 17008, *4-5 (S.D.N.Y. Aug. 12, 2005); *Blue Angel Films, Ltd. v. First Look Studios, Inc.,* 2011 U.S. Dist. LEXIS 16674, *4 (S.D.N.Y. Feb. 17, 2011) (granting motion to withdraw where defendant's counsel was to communicate with client for several consecutive months and had not received any legal fees during that time); *Griffin v. Norwegian Cruise Line, Ltd.,* 2002 U.S. Dist. LEXIS 5630, *3 (S.D.N.Y. Apr. 2, 2002).  Moreover, an irreconcilable conflict between defendant and counsel is further reason to permit withdrawal.  *See, Dowler v. Cunard Line Ltd.,* 1996 U.S. Dist. LEXIS 9100 (S.D.N.Y. June 28, 1996) (permitting withdrawal by plaintiff's counsel because of an undisclosed irreconcilable conflict with its client); *Shea v. F.C. Fin. Serv., Inc.,* 1994 U.S. Dist. LEXIS 15604

28935/000/1235493.1

(S.D.N.Y. Nov. 2, 1994) (permitting withdrawal by defendant corporation's counsel two years after action commenced citing "acrimony" between defendant and counsel).

JDB's continued refusal to pay the attorneys' fees incurred in this litigation is further reason to permit CLL to withdraw as counsel. "It hardly needs saying that a client's refusal to pay the attorney or cooperate with the attorney is a satisfactory reason for allowing the attorney to withdraw." *Diarama Trading Co.*, 2005 U.S. Dist. LEXIS 17008, *4-5. *See also*, *Beshansky v. First Nat'l Entm't Corp.*, 140 F.R.D. 272, 274, U.S. Dist. LEXIS 948 (S.D.N.Y. Jan. 31, 1990). Indeed, the law is well settled that a client's persistent failure to pay his attorney's fees is a "satisfactory reason" for withdrawal within the meaning of Rule 1.4 in and of itself. *Farr Man Coffee, Inc. v. M/S Bernhard S*, 1989 U.S. Dist. LEXIS 2988, *3 (S.D.N.Y. Mar. 28, 1989); *Boyle v. Revici*, 1987 U.S. Dist. LEXIS 11541, *1-2 (S.D.N.Y. Dec. 9, 1987) (granting counsel's motion for withdrawal for non-payment of $25,000 in fees); *Statue of Liberty - Ellis Island Found., Inc. v. Int'l United Indus., Inc.*, 110 F.R.D. 395, 397 1986 U. S. Dist. LEXIS 24757(S.D.N.Y. June 2, 1986) (same); *Team Obsolete, Ltd. v. A.H.R.M.A. Ltd.*, 464 F. Supp. 2d 164, 165, 2006 U.S. Dist. LEXIS 89230 (E.D.N.Y. Dec. 11, 2006) ("Courts have long recognized that a client's continued refusal to pay legal fees constitutes a "satisfactory reason" for withdrawal."). "Attorneys are not required to represent clients without remuneration, and the failure to pay invoices over an extended period is widely recognized as grounds for leave to withdraw." *Centrifugal Force, Inc. v. SoftNet Commun., Inc.*, 2009 U.S. Dist. LEXIS 35223, *4-5 (S.D.N.Y Apr. 6, 2009). *See also*, Model Code of Professional Responsibility DR 2-110(C)(1)(d) and (f) (1980) (providing for permissive withdrawal if the client either "makes it unreasonably difficult" for counsel to represent effectively the client or if the client "deliberately

3

disregards an agreement or obligation to the lawyer as to expenses or fees"). *See also* Model Rules of Professional Conduct Rule 1.16(b)(5), (6) (1983) (similar rule).

CLL has amply demonstrated defendant's continued and deliberate failure over several months to pay its outstanding legal fees, which now amount to more than $50,000. Soller Aff., ¶4. Defendant is well aware of its obligations, and CLL's requests for payments have been met with empty and unfulfilled promises. *Id.* at 5. Indeed, defendant has deliberately misled this office and misrepresented its intentions. *Id.* Continued attempts to communicate with defendant regarding this issue have been futile, resulting in a deterioration of the attorney client relationship which is beyond repair. *Id.* at ¶¶3, 5. Indeed, the failure to pay legal fees inevitably leads to a breakdown in the relationship between attorney and client, and, given the substantial sums owed in this case, *see* Soller Aff., ¶4, CLL will need to pursue its collection efforts against the defendant, which will further strain an already difficult relationship.

## II.    The Posture of the Case Mitigates in Favor of Withdrawal

This is a proper and appropriate time to permit a change of attorneys, since discovery has been completed and the dispositive motion deadline has passed. Soller Aff., ¶2. Moreover, the date for the pretrial conference and trial have not yet been set. *Id.* As such, the trial dates can be set in accordance with the interests of new counsel. Thus, this is a proper time to permit a change of attorneys since any new counsel can be afforded a reasonable opportunity to review the matter and prepare for the trial. *See, e.g.*, *Diarama Trading Co.*, 2005 U.S. Dist. LEXIS 17008, *9 (no prejudice where discovery had been completed and motion for summary judgment was *sub judice* and new counsel would not be forced to "hit the ground running" but would have ample time to familiarize himself with record and prepare for trial or appeal if summary judgment granted). On the other hand, to force CL&L to remain as counsel would require it to

4

spend many additional hours and incur thousands of dollars of legal fees to prepare for trial with

no reasonable hope of recompense.  Under these circumstances, CLL should be permitted to

withdraw as counsel.

## **CONCLUSION**

For the reasons set forth above, CLL respectfully requests that the Court grant its Motion

to Withdraw as Counsel.


Dated:   New York, New York           Respectfully submitted,
         April 14, 2011               COWAN, LIEBOWITZ & LATMAN, P.C.


                                      By: /Carl R. Soller/ _____
                                          Carl R. Soller (crs@cll.com)
                                          Meichelle R. MacGregor (mrm@cll.com)
                                          Don M. Obert  (dmo@cll.com)
                                      1133 Avenue of the Americas
                                      New York, New York  10036
                                      212-790-9200
                                      Attorney for Defendant

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that, on April 14, 2011, a true copy of the foregoing Memorandum of Law in Support of CLL's Motion To Withdraw was served via ECF on all counsel of record and via first class mail postage prepaid on defendant, JDB International Inc., addressed as follows:   Karen Ambrosia, JDB International Inc., 780-A Apex Road, Sarasota, Florida 34240.

Dated:    April 14, 2011                          _____/Meichelle R. MacGregor/____
         New York, New York                        Meichelle R. MacGregor

6