**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X

| | | |
|---|---|---|
| SHIPCO TRANSPORT INC. | : | |
| | : | |
| Plaintiff, | : | **Case No.: O9 CIV 7532(CM)** |
| | : | **ECF CASE** |
| -against- | : | |
| | : | |
| | : | |
| | : | |
| JDB INTERNATIONAL, INC. | : | |
| | : | |
| and | : | |
| | : | |
| LAPTON FREIGHT INTERNATIONAL LIMITED, | : | |
| | : | |
| Defendants. | : | |

-------------------------------------------------------X

### MEMORANDUM OF LAW RE MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JDB INTERNATIONAL, INC.

Todd C Fineberg, Esq.  (TF 0980)
**RODRIGUEZ O'DONNELL**
**GONZALEZ & WILLIAMS, P.C**.
Attorneys for Plaintiff
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
Phone No. 202-973-2990
Fax No. 202-293-3307

# Table of Contents

Motion for Entry of Default Judgment against Defendant JDB International, Inc.

Introduction ……………………………1

Facts…………………………………..2

Argument……………………………….4

      Freight and Demurrage…… ..…...5

      Statute of Limitations……………6

Conclusion …………………………..8

Exhibits and Attachments

References are made to the following exhibits attached to Plaintiff's Motion and attachments filed with the Motion. These are generally not included in the text of the Memorandum of Law. One exhibit is, however, attached to the Memorandum as Exhibit D, is referred to at page 4, and represents Lapton Freight International Limited's answers to Plaintiff's Interrogatories Nos. 1-2:

Exhibits

A     Shipco Terms and Conditions

B     Account Stated

C.    Carrier Invoices

3.    Bills of Lading

4.    Invoices, Shipco

Attachments:

Certificate of Default
Affidavit of Klaus Thorup
Affidavit of Carlos Rodriguez

**Table of Authorities**

<u>Federal Cases</u>

.*Douglas Asphalt Co. v. Qore, Inc.*, 2011 U.S. App. LEXIS 19266, 16 (11th Cir. 2011)………… …………………………………………………………………......8

*Citigroup v. Fed. Ins. Co.,* 649 F.3d 367, 374  (5th C.ir. 011)…………………………...7

*Commonwealth* Oil *Refining Company, Inc.*, 734 F.2d 1079, 1082 (5th Cir. 1984)…........6

*Cont'l Ins. Co. v. Coyne Int'l Enter. Corp*, 700 F. Supp 2d 207, 212 (N.D. N.Y. 2010)...8

*In re Chateaugay Corp.*, 78 B.R. 713 (SDNY 1987)…………………………………….6

*Frame vs. City of Arlington*, 2011 U.S. App. LEXIS 1717 (5th Cir. 2011)………………7

*Ocean Transport Line, Inc. v. American Philippine Fiber Industries, Inc.*,
        743 F.2d 85, 89, 90, 92 (2d Cir. 1984)…………………………………………..5

*The Lake Galera; United States v. Lamborn et al*., 60 F.2d 876, 879 (2d Cir.1932)…….5

*Yang Ming Marine Transport Corporation v. Okamoto Freighters Ltd.*  259 F. 3d 1086,
        1093 (9th Cir. 2001) ..……………………………………………………….......5

<u>Federal Rules and Local Rules</u>

Code of Federal Regulations—46 CFR 502. 63……………………………………….6,8

Fed.R.Civ. P.   55(a), 55(b)(2)……………………………………………….………1,4,5,8

Fed.R.Civ. P.   4(e)………………………………………………………………..………..4

Local Rule 55.2(b)…………………………………………………………......………..1

Local Rule 55.1……………………………………………………………………………...2

*Individual Practices of Judge McMahon* 2H(ii)………………………………………4
        (Motions for Default Judgment )

<u>Statutes</u>

Shipping Act--46 USC 41301-41302, 41305-41307………………………………….6

Fla Stat. Ann. Title VII, 95.11(b)……………………………………….……………..6

## Texts

Saul Sorkin, *Goods in Transit,* 4:25.01……………………………………………...5

Sorkin, *Goods in Transit* 2.01[8]; (2001)…………………………………………6

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
SHIPCO TRANSPORT INC.                      :
                                           :
                 Plaintiff,                :     Case No.:  O9 CIV 7532(CM)
                                           :     ECF CASE
   -against-                               :
                                           :
                                           :     **MEMORANDUM OF LAW RE**
                                           :     **PLAINTIFF'S  MOTION  FOR**
                                           :     **ENTRY OF DEFAULT JUDGMENT**
                                           :     **AGAINST JDB INTERNATIONAL,**
                                           :     **INC.**
JDB INTERNATIONAL, INC.                    :
                                           :
and                                        :
                                           :
LAPTON FREIGHT INTERNATIONAL, Inc.         :
                                           :
                 Defendants.   :
-------------------------------------------------------X

## Introduction

Plaintiff Shipco Transport Inc. (Shipco) is entitled to apply for and receive a default judgment under the circumstances of this case pursuant to Federal Rules of Civil Procedure 55(a) and 55(b)(2).  The latter rule relates to entering a default judgment by the Court in circumstances described in Rule 55(a) "when a party has failed to plead or otherwise defend" in response to a complaint seeking affirmative relief.   Local Civil Rule 55.2(b) specifies procedures for application for default judgment to this Court, and all have been followed by plaintiff.  Plaintiff's Motion for Entry of Default Judgment is based on JDB's failure  to defend itself in this action and to appoint an attorney to appear

1

on defendant's behalf within 60 days from April 26, 2011 as required by the Court.

**Facts**

 A. <u>Withdrawal of Attorneys; Failure to Appear</u>

The facts of this case that immediately caused this Motion for Entry of Default Judgment to be filed are that on on April 14, 2011, attorneys for JDB, Cowan Liebowitz & Latman, P.C. filed a motion to withdraw as counsel for their client. Hon. Colleen McMahon on April 26, 2011, then granted the motion, allowing withdrawal and giving JDB 60 days to appoint an attorney to appear and represent this defendant in this action.

Since that date, no attorney has filed and served a Notice of Appearance on Plaintiff on behalf of JDB in this matter, The Docket record of this case does not state any filing of a Notice of Appearance on behalf JDB from April 26 during the following 60-day period allowed by the Court or through to the present.

Plaintiff then filed an Application for Certificate of Default and Affidavit for Certificate of Default as provided in Local Civil Rule 55.1 resulting in the issuance of the Certificate of Default by the Clerk of Court, dated. September 2, 2011 (Exhibit E).

 B. <u>Underlying facts—Shipping Matters</u>

The bills of lading in this case (Exhibit 3 attached to Motion for Entry of Default Judgment ) were issued by Plaintiff Shipco Transport Inc. as NVOCC for defendant JDB International Inc. on or about dates August 1, 2006, through and including August 16, 2006, relating to shipments from Long Beach, Los Angeles, California and other U.S. ports to Yantian, China.

Although bills of lading for the shipments in this matter were issued in August 2006, Statements of account were not first sent by Shipco to JDB until September 15,

2008 (Exhibit B).  Invoices were sent to JDB after the abandonment information was received by Shipco on dates between January 15, 20080 and September 9, 2008.  See copies of Shipco invoices at Exhbit  4.

JDB  was the shipper in these matters subject to both the Bills of Lading and the related Terms and Conditions issued by Plaintiff and binding on JDB (Exhibit A).

The Consignee in these shipments was defendant Lapton Freight International Limited (Lapton), which declined to receive the cargoes, causing an abandonment, resulting in substantial charges and damages as indicated specifically in the Motion filed with this Memorandum at pp. 3-4.  The carriers that actually carried the cargoes on their ships, including NYK Line (NA), CMA-CGM America, Inc.,  Safmarine, and Mediterranean Shipping Co. (USA) for demurrage for unreasonably delaying their ships over a period of time and for storage costs of the abandoned cargoes.   The evidence of the abandonments and charges to Shipco therefore are the carrier invoices, Exhibit C.

The total amount of freight for carrying the cargoes and including demurrage is $129,773.93, as indicated in the First Amended Complaint herein and supported by the carrier invoices, attached as Exhibit C to the Amended Complaint and the Motion for Entry of Default Judgment.  Additional damages for interest, attorneys fees and litigation expenses.  These damages are provided for in the Terms and Conditions related to the bills of lading in this matter.  Although these elements of damages are provided for freight owed by the shipper, we argue below that freight also includes demurrage.

Pursuant to the Terms and Conditions of Shipco Transport Inc.required of to JDB, this shipper was liable to pay for both freight, demurrage, and interest. Paragraph 9(5) and 19(5), as well as attorney's fees, expenses and interest should a shipper fail to pay

freight and demurrage due to be paid.   See Exhibit A, paragraphs 9(5) and 19 (5) and Exhibit C.

In addition, JDB is further liable because it split profits from the shipments with the consignee, Lapton, as indicated in the Answers to Interrogatories dated June 11, 2010, Answer to Interrogatory No. 10, attached hereto as Exhibit D.

## Argument

Based on facts specified as the basis for a default judgment under Fed..R.Civ.P. 55(a) and  55(b) and Local Civil Rule 55.2(b), plaintiff meets the requirements to request and receive a default judgment: defendant JDB International, Inc. was served with Summons and Complaint upon its registered agent for service of process on September 11. 2009; the agent signed a Waiver of the Service of Summons, and the document was filed in Court  on 12-17-09. JDB failed to defend itself by appointing an attorney who would appear as counsel for this defendant, pursuant to the Judge's order dated April 26, 2011.

In accordance with the *Individual Practices of Judge McMahon,* we have served the motion for default following the required procedure for service of process, Fed R.Civ. P. 4(e), and have attached the specified notice to defendant of the Motion for Entry of Default Judgment, *Individual Practices of Hon. McMahon*, Section 2H(ii) (Motions for Default Judgment).

In this matter, attorneys for JDB International, Inc., Cowan Liebowitz  & Latman, P.C., filed a Motion to Withdraw as Counsel for this defendant on April 14, 2011.   The motion was granted by The Hon. McMahon on April 26, 2011, who allowed JDB 60 days

4

to select a new attorney who would appear on its behalf.  The Docket record of this case indicates that no attorney appeared for JDB during the 60 days permitted or afterward.

Therefore, pursuant to Fed.R.Civ.P. 55(a), 55(b)(2) and the Clerk's Certificate of Default in this matter, Defendant JDB has failed to defend in this case and is in default.

Plaintiff's Motion to Enter Default Judgment against JDB International Inc. in this matter includes requests for damages for unpaid shipping charges for freight and demurrage that had been billed in invoices and a statement of account sent to JDB. Shipco also claims six per cent interest on the amount of freight and demurrage owed by defendant JDB together with attorney's fees and court costs pertaining to the full amount of damages claimed for freight.   Paragraph 19(5) of the Terms and Conditions applicable to the Bill of Lading between these parties provides for interest and attorney's fees and court costs pertaining to "freight."  See Exhibit A attached to this motion.

### Freight and Demurrage

We assert that so-called freight charges to JDB also include demurrage (defined as a separate freight charge for unreasonable delays in loading or unloading cargo), as stated in numerous federal court cases on the subject.  *E.g., Ocean Transport Line, Inc. v. American Philippine Fiber Industries, Inc.*, 743 F.2d 85, 89, 90, 92 (2d Cir. 1984); *Yang Ming Marine Transport Corporation v. Okamoto Freighters Ltd.* 259 F. 3d 1086, 1093 (9th Cir. 2001); and *The Lake Galera; United States v. Lamborn et al.*, 60 F.2d 876, 879 (2d Cir.1932), among many others.   Demurrage has also been defined as Demurrage is a fee charged by a carrier or NVOCC for keeping cargo conveyances in active use due to delay in loading or unloading cargo.  Saul Sorkin, *Goods in Transit,* 4:25.01.

In short, these courts consistently refer to demurrage charges—especially when the shipper has received the NVOCC's bill of lading-- as "extended freight."  Therefore, if in the case before this Court the Terms and Conditions refer to interest, attorney's fees or expenses relating to freight, this also includes demurrage.  See *The Lake Galera*, *supra* at 879; *Yang Ming Marine Transport Corporation, supra,* at 1093; and *Commonwealth Oil Refining Company, Inc., supra,* at 1082.  In JDB's case, Shipco's Terms and Conditions at Exhibit A refer to the shipper as a "merchant" that is responsible for payment of both freight and demurrage with demurrage being an extension of freight, according to the case law cited above.

## Statute of Limitations

Generally, in maritime matters such as this action involving damages or reparations a three-year statute of limitations from date of accrual of the cause of action is applicable, on the basis of the Shipping Act, 46 U.S.C. 41301 and the related regulation, 46 CFR §502.63, which also sets forth a 3-year statute of limitations regarding maritime claims for reparations arising from injury and producing damages.

Given that the bills of lading and shipments in this matter are treated as contracts, we can treat the contractual transactions between Shipco and JDB as contracts. Saul Sorkin, *Goods in Transit* 2.01[8]; (2001); *In re Chateaugay Corp.*, 78 B.R. 713 (SDNY 1987) with the place of making the contract being defendant JDB's headquarters in Sarasota Florida.  The invoices in this matter indicate issuance by Shipco in Los Angeles, while the Statement of Account is labeled as originating in Sipco's Hoboken, New Jersey office.  In this case, the limitation time for a contract action is five years.   FLA. STAT. ANN. Title VII, §95.11(b).

6

In cases involving contract disputes is in the matter at issue here, the statute of limitations applies in matters relating to insurance contracts on the date the cause of action accrues. *Citigroup v. Fed. Ins. Co.,* 649 F.3d 367, 374 (5th C.ir. 2011). In *Frame vs. City of Arlington*, 2011 U.S. App. LEXIS 1717 (5th Cir. 2011). According to the Circuit Court in this case, accrual occurred when the plaintiff knew of should have known the existence of the facts of the cause of action.

The shipments referred to in the Shipco bills of lading were not immediately completed at the time the bills were issued; the abandonment consequences of the shipments were ongoing and were not complete and carriers handling the shipments had not yet sent invoices to Shipco that would eventually billed to JDB for these charges. Whereas the bills of lading attached to Plaintiff's motion are dated between August 11 and August 24, 2006, invoices were not sent by Shipco to JDB until dates ranging from December 19, 2007, through September 9, 2008, including eight invoices dated January 15, 2008. See Exhibit 4 appended to Shipco's motion. Thus, the filing by Shipco in court on August 28, 2009, The carrier invoices, attached as Exhibit C, state the amounts of which were later billed to Defendant JDB, and were dated December 18, 2007, January 28, 2008, March 3, 2008, and March 26, 2008. These dates plus later dates when Shipco learned of JDB's failure to pay signify accrual dates well within both applicable federal and state statute of limitations in this matter.

Shipco's Statement of Account (Exhibit B) was not first issued sent to Defendant JDB until September 15, 2008. No evidence exists or has been presented to establish that JDB objected to the account or any part of it or that JDB paid all or any part of the account. Furthermore, given that the statement of account was issued to JDB from

7

Shipco's Hoboken, New Jersey office, that state's Statute of Limitations may will likely apply to the transaction at issue.

For the purpose of applying a statute of limitations, the standard in many different types of causes of action is the date the cause of action accrues. *Douglas Asphalt Co. v. Qore, Inc.*, 2011 U.S. App. LEXIS 19266, 16 (11th Cir. 2011) (11th Cir. 2011). For example, the federal statute in complaints filed against the United States is six years after the cause of action accrues. 28 USC § 2401. In account stated cases, the cause of action is dated for limitation of actions purposes when the account stated cause of action accrues. The court adds that an element in an insurance account stated is rejection of the account. *Cont'l Ins. Co. v. Coyne Int'l Enter. Corp*, 700 F. Supp 2d 207, 212 (N.D. N.Y. 2010). JDB has been sent the account but has never paid it, essentially rejecting the account. Both under laws and regulations pertaining to the FMC in maritime matters and under Florida law regarding contracts, the standard for applying statutes of limitations is when the cause of action accrued. 46 CFR § 502.63, FLA. STAT. ANN. Title VII, §95.031.

## Conclusion

Pursuant to the Federal Rules 55(a) and 55(b)(2), Plaintiff, Shipco Transport Inc., is entitled to a default judgment against Defendant JDB International, Inc. on the grounds that this defendant failed to choose an attorney to represent this corporation within 60 days of The Hon. McMahon's order dated April 26, 2011. Essentially, JDB failed to pursue its defense in this action and, therefore, defaulted.

In accordance with the cases cited in this Memorandum, it is proper for the court to base an award of attorney's fees and interest on both freight and demurrage, referred to

as "extended freight," and which is actually part of freight. Plaintiff's Terms and Conditions specifically make JDB liable for both demurrage and detention occurring on its shipments. Shipco Terms and Conditions, paragraph 9(5), Ehxibit A.

Although the bills of lading in this matter (Exhibit 3) were issued by plaintiff Shipco during August 2006, the causes of action stated in the First Amended Complaint did not accrue until later dates discussed herein, so that this litigation was filed within the limitation period permitted by statute and regulation.

The amounts of damages stated in the Default Motion in this matter are fully covered by the Terms and Conditions related to the shipment bills of lading provided by Shipco and accepted by JDB. Also, the specific amounts of damages are supported by the Affidavit of Carlos Rodriguez appended to the Motion. .

Respectfully submitted.

*[signature: Todd C Fineberg]*

_____
Todd C Fineberg, Esq.  (TF 0980)
**RODRIGUEZ O'DONNELL
GONZALEZ & WILLIAMS, P.C**.
Attorneys for Plaintiff
1250 Connecticut Ave., NW, Suite 200
Washington, DC 20036
 Phone No. 202-973-2990
 Fax No. 202-293-3307

9

# Exhibit D

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
SHIPCO TRANSPORT INC.                           :
                                                :
         Plaintiff,                             :
                                                :     09 cv 7532 (CM)
    -against-                                   :
                                                :     ECF CASE
JDB INTERNATIONAL INC. and                      :
LAPTON FREIGHT INTERNATIONAL                    :
LIMITED,                                        :     **DEFENDANT LAPTON
                                                :     FREIGHT INTERNATIONAL
         Defendants.                            :     LIMITED'S RESPONSES TO
-----------------------------------------------------------X     PLAINTIFF'S
                                                :     INTERROGATORIES**
LAPTON FREIGHT INTERNATIONAL                    :
LIMITED,                                        :
                                                :
         Defendant/Third Party Plaintiff,       :
                                                :
    -against-                                   :
                                                :
TAKMAY INDUSTRIAL COMPANY                       :
LIMITED,                                        :
                                                :
         Third Party Defendant.                 :
-----------------------------------------------------------X
```

Defendant/Third Party Plaintiff, LAPTON FREIGHT INTERNATIONAL LIMITED (hereinafter "Lapton"), through its counsel, hereby submits its responses to Plaintiff's, Shipco Transport Inc., interrogatories.

**Interrogatory No. 1:**

With respect to shipments of toys from Long Beach, Los Angeles, Baltimore, Savannah, and others to Yantian, China, on or about August 2006, referred to in Shipco Bills of Lading Nos. YAN1519544, YAN1521067, YAN1521197, YAN1519549, YAN1519541, YAN1519545, YAN1519533, YAN1521055, YAN1519917, YAN1519546, YAN1519546, and YAN1521067, were the foregoing shipments and bills of lading subject to an agreement to divide proceeds from

these shipments between Lapton Freight and JDB International, Inc. (JDB)? The above bills of lading are listed in the Complaint at Exhibit B and copies are Plaintiff's Motion for Entry of Default Judgment against JDB International, Inc. at Exhibit 3.

**ANSWER:** **The shipments referred to the Shipco Bills of Lading Nos. YAN1519544, YAN1521067, YAN1521197, YAN1519549, YAN1519541, YAN1519545, YAN1519533, YAN1521055, YAN1519917, YAN1519546, YAN1519546, and YAN1521067 were subject to an agreement to divide proceeds from these shipments between Lapton Freight International Ltd. Shenzhen ("Lapton Shenzhen") and JDB International, Inc. ("JDB"). Lapton Freight International Ltd. Hong Kong ("Lapton Hong Kong") was not a party to this agreement. Lapton Hong Kong acted as the agent for Lapton Shenzhen for arranging the said shipments.**

**Interrogatory No. 2:**

What specifically was Lapton's agreement with the Shipper, JDB International, Inc., with respect to each of the shipments referred to in the bills of lading identified in Interrogatory No. 1 above.

**ANSWER:** **There was no agreement between Lapton Hong Kong and JDB in respect to the said bills of ladings identified in Interrogatory No. 1 above. Any agreements were between Lapton Shenzhen and JDB.**

**Interrogatory No. 3:**

Identify by name, address, and title which Lapton officials or employees negotiated any agreements regarding division of proceeds between JDB and Lapton pertaining to shipments during January 1 through and including December 31, 2006.

ANSWER:   As stated in response to Interrogatory No. 2, there were no agreements between Lapton Hong Kong and JDB in respect to the said bills of lading identified in Interrogatory No. 1 above.  Any and all agreements were between Lapton Shenzhen and JDB.  Ms. Anthinai Wong of Lapton Hong Kong negotiated the agreements between Lapton Shenzhen and JDB in her capacity as agent for Lapton Shenzhen.

Interrogatory No. 4:

With respect to the agreements identified in Interrogatory No. 1, 2, and 3 above, which agreements provide for a division of proceeds between Lapton and JDB?

ANSWER:   There were no agreements or payments between Lapton Hong Kong and JDB.

Interrogatory No. 5:

What was the method of division of proceeds between JDB and Lapton pursuant to the agreements referred to in Interrogatory No. 1-4 inclusive above.

ANSWER:   Please see answer to Interrogatory No. 4.

Interrogatory No. 6:

Which shipments, if any, identified according to the bills of lading referred to in Interrogatory No. 1 above were subject to oral agreements between JDB and Lapton?

ANSWER:   Please see answer to Interrogatory No. 4.

Interrogatory No. 7:

For any shipments identified by Lapton subject to oral agreements in Interrogatory No. 6 above what was the specific content of each oral agreement?

ANSWER:   Please see answer to Interrogatory No. 4.

Interrogatory No. 8:

3

What amount was paid by JDB to Lapton as a result of an oral agreement or agreements with JDB pertaining to shipments during the period of January 1 through and including Dec. 31, 2006.

**ANSWER:** Please see answer to Interrogatory No. 4.

**Interrogatory No. 9:**

On what dates and in what amounts did Lapton receive payments from JDB relating to shipments during 2006?

**ANSWER:** **Lapton Hong Kong did not receive any payments from JDB relating to shipments during 2006.**

**Interrogatory No. 10:**

With respect to any agreement or agreements referred to in Interrogatories Nos. 1-8, 10 and 11 what was the relationship between JDB and Lapton with respect to the agreements and related shipments mentioned herein.

**ANSWER:** Please see answer to Interrogatory No. 4.

**Interrogatory No. 11:**

On the basis of the above mentioned agreements, what was the amount of earnings, profits, or other compensation Lapton expected to receive with regard to the shipments related to said shipments.     **Please see answer to Interrogatory No. 4.**

**ANSWER:**

**Interrogatory No. 12:**

What, if any, amount of compensation and or profits from payable from JDB were lost to Lapton when the shipments at Yantian were abandoned?

**ANSWER:** **No money was lost to Lapton Hong Kong.**

4

**Interrogatory No. 13:**

What were the names of any and all employees or officers of Lapton who communicated by telephone, e-mail, or any means with any employee of officer of JDB during the period Jan. 1, 2006 through and including December 31, 2006?

**ANSWER:** **Anthinai Wong and Eamon Wong of Lapton Kong Kong in their capacity as agents for Lapton Shenzhen.**

**Interrogatory No. 14:**

With respect to the communications referred to in Interrogatory No. 13 above, what were the names of the JDB officers and/or employees to whom Lapton and its officers or employees communicated with?

**ANSWER:** **As agents for Lapton Shenzhen, officers and/or employees of Lapton Hong Kong communicated with the following JDB officers and/or employees: Donna Hawver, Karen Ambrosia, Benjamin and Howard.**

**Interrogatory No. 15:**

What was said by representatives of JDB and Lapton in each of the conversations referred to in Interrogatories Nos. 13 and 14 above.

**ANSWER:** **Representatives of Lapton Hong Kong were arranging shipments with JDB in their capacity as agents for Lapton Shenzhen.**

5

Dated: June 11, 2010

        The Defendant/Third Party Plaintiff:
        LAPTON FREIGHT INTERNATIONAL LIMITED

        By: _____
        Patrick F. Lennon
        Anne C. LeVasseur
        LENNON, MURPHY, CAULFIELD &
        PHILLIPS, LLC
        420 Lexington Ave., Suite 300
        New York, NY 10170
        (212) 490-6050 – phone
        (212) 490-6070 – fax
        pfl@lmcplegal.com
        acl@lmcplegal.com

## AFFIRMATION OF SERVICE

I hereby certify that on June 11, 2010 a copy of the foregoing Request for Production was served by overnight courier, prepaid, to all counsel of record at the following addresses:

Todd C. Fineberg
Henry P. Gonzales
Rodriguez O'Donnell Gonzales & Williams, P.C.
1250 Connecticut Avenue, N.W.
Suite 200
Washington, D.C. 20036
tfineberg@rorlaw.com
gonzalez@rorfgw.com
*Attorneys for Plaintiff*
*Shipco Transport Inc.*

Don M. Obert
1133 Avenue of the Americas
New York, New York 10036-6799
*Attorneys for Defendant*
*JDB International, Inc.*

        By: _____
        Anne C. LeVasseur

6